SUPERIOR COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| WORLDWIDE TRAVEL STAFFING, LTD., <br><br> PLAINTIFF, <br><br> v. <br><br> GOVERNOR JUAN F. LUIS HOSPITAL AND MEDICAL CENTER AND VIRGIN ISLANDS GOVERNMENT HOSPITAL AND HEALTH FACILITIES CORPORATION, <br><br> DEFENDANTS. | Civil No. SX-14-CV-009 <br><br> CITE AS: 2021 VI SUPER 97 |

Appearances:

**Andrew C. Simpson, Esq.**
Andrew C. Simpson, P.C.
Christiansted, U.S. Virgin Islands
*For Plaintiff*

**Shari D'Andrade, Esq.**
Virgin Islands Department of Justice
Christiansted, U.S. Virgin Islands
*For Defendant VIGHHFC*

<u>**MEMORANDUM OPINION AND ORDER**</u>

**WILLOCKS, Presiding Judge**

**THIS MATTER** is before the Court *sua sponte* for review.

**BACKGROUND**

On January 23, 2014, Plaintiff Worldwide Travel Staffing, Ltd. (hereinafter "Plaintiff") filed a complaint against Defendant Governor Juan F. Luis Hospital and Medical Center (hereinafter "JFL") and Virgin Islands Government Hospital and Health Facilities Corporation (hereinafter "VIGHHFC" and together with Defendant JFL, "Defendants"). In its complaint,

*Worldwide Travel Staffing, LTD. v. Governor Juan*
*F Luis Hospital and Medical Center, et al.*
SX-14-CV-009
**Memorandum Opinion and Order**
Page 2 of 13

2021 VI SUPER 97

Plaintiff alleged the following causes of actions: Count I-breach of contract (against Defendant

JFL), Count II-promissory estoppel (against Defendant JFL), and Count III-quantum meruit

(against Defendant JFL).[1] On that same day, Plaintiff also filed a motion for summary judgment

in its favor and against Defendant JFL.

On February 7, 2014, Plaintiff filed a notice whereby Plaintiff advised the Court that the

following documents were served on Defendant JFL on January 28, 2014 and Defendant

---

[1] Plaintiff did not name the defendant or defendants for each count. Nevertheless, the Court concluded that all three counts were against Defendant JFL based on the allegations in the complaint.

In its complaint, Plaintiff alleged, inter alia:

Count I (Breach of Contract)

20. Plaintiff fully incorporates its foregoing allegations as if fully stated herein.

21. The Collective Agreements are each valid and enforceable contracts, entered into by and between [Plaintiff] and [Defendant JFL].

22. [Defendant JFL] has acknowledged and admitted to the validity of, existence, and amount of its indebtedness to [Plaintiff].

23. [Defendant JFL] materially breached the Collective Agreements with [Plaintiff] by failing to provide payment for services rendered by [Plaintiff] and interest due.

24. [Plaintiff] has substantially performed its duties under the contract.

25. As a result of [Defendant JFL's] breaches, [Plaintiff] has been damaged in an amount exceeding $75,000.

Count II (Promissory Estoppel)

26. Plaintiff fully incorporates its foregoing allegations as if fully stated herein.

27. In executing the Collective Agreements, [Defendant JFL] made a promise to [Plaintiff] to pay certain compensation in exchange for [Plaintiff's] services.

28. [Plaintiff] reasonably relied upon [Defendant JFL's] promises to its detriment by actually providing services to [Defendant JFL] without receiving full, agreed to payment in return.

29. As a result of [Defendant JFL's] actions, [Plaintiff] has suffered damages.

30. Justice can only be avoided by the enforcement of [Defendant JFL's] promises.

Count III (Quatum Meruit)

31. Plaintiff fully incorporates its foregoing allegations as if fully stated herein.

32. [Plaintiff] performed services for [Defendant JFL] for [Defendant JFL's] benefit and with [Defendant JFL's] knowledge.

33. [Defendant JFL] knew or should have known the services provided with the expectation of payment of reasonable value, such reasonable value having been agreed upon.

34. [Defendant JFL] had a reasonable opportunity to prevent [Defendant JFL] from providing its services prior to them being rendered by [Plaintiff].

35. As a result of [Defendant JFL's] actions, [Plaintiff] has suffered damages.

36. It would be unjust under the circumstances to permit [Defendant JFL] to retain the benefit of [Plaintiff] conferred on it as [Plaintiff] has not received full payment for the same.

(Compl. ¶¶ 20-36.)

*Worldwide Travel Staffing, LTD. v. Governor Juan F. Luis Hospital and Medical Center, et al.*
SX-14-CV-009
Memorandum Opinion and Order
Page 3 of 13

2021 VI SUPER 97

VIGHHFC on January 30, 2014: (i) complaint and summons and (ii) Plaintiff's motion for summary judgment. In support of its notice, Plaintiff attached the following documents: (i) Exhibit A-a copy of the letter, dated February 5, 2014, signed by "Kendall M. Griffith, M.D., F.A.C.C., F.S.C.A.I." located at "Cardiovascular Associates of the Virgin Islands, PLLC, 4100 Sion Farm Shopping Center, Suite 5, Christiansted, VI 0820," indicating that "[t]his letter is to state that I, Kendall M. Griffith, M.D., F.A.C.C., F.S.C.A.I., have accepted the summons documents brought to my office" and (ii) Exhibit B-a copy of the summons addressed to Defendant VIGHHFC with the return of service indicating that Defendant VIGHHFC was served on January 28, 2014 via "Derielle A. May, Exec. Asst. to the President" by process server "Michael A. Richardson" and a copy of an affidavit of process server "Marlon A. Richardson" stating that Defendant VIGHHFC was served on January 28, 2014 via "Derielle A. May, Exec. Asst. to the President" by him.

On May 19, 2014, Plaintiff filed for a request for entry of default. In support of its request for entry of default, Plaintiff attached the following documents: (i) a copy of the summons addressed to Defendant VIGHHFC with the return of service indicating that Defendant VIGHHFC was served on January 28, 2014 via "Derielle A. May, Exec. Asst. to the President" by process server "Michael A. Richardson," (ii) a copy of an affidavit of process server "Almeric Petersen" but the information as to the name of the person served is illegible, (iii) a copy of the summons addressed to "Kendall M. Griffith, M.D., Executive Director for [Defendant JFL]" without the return of service section, and (iv) a copy of an affidavit of process server "Marlon A. Richardson" stating that Defendant VIGHHFC was served on January 28, 2014 via "Derielle A. May, Exec. Asst. to the President" by him.

On August 20, 2014, default was entered against Defendants by the Clerk of the Court.

*Worldwide Travel Staffing, LTD. v. Governor Juan*
*F. Luis Hospital and Medical Center, et al.*
SX-14-CV-009
Memorandum Opinion and Order
Page 4 of 13

2021 VI SUPER 97

On December 19, 2014, Anthony r. Kiture, Esq. of the Kiture Law firm filed a notice of appearance as counsel for Defendant JFL.

On March 10, 2015, Defendant JFL filed a motion to set aside entry of default and a motion to stay proceedings pursuant to Title 13 V.I.C. § 533(a).[2] In its motion to stay proceedings, Defendant JFL explained that Plaintiff is a corporate entity, it has "failed to submit annual reports or to pay franchise taxes for the following due dates – June 30, 2006, 2007, 2008, 2009, 2010, 2011, 2012, 2013, and 2014," and Title 13 V.I.C. § 533(a) "prohibits all corporations from commencing or maintain any action in any court if the corporation has not paid its annual franchise taxes." (Motion to Stay Proceedings, pp. 1-2.) On April 1, 2015, Plaintiff filed its oppositions thereto. In its opposition to Defendant JFL's motion to stay proceedings, Plaintiff advised the Court that "[o]n April 1, 2015, Plaintiff paid all outstanding franchise taxes as well as provided all other outstanding documentation" and attached copies of proof of payment and franchise tax returns in support thereof. (April 1, 2015 Opp., p. 1.) On April 13, 2015, Defendant JFL filed its replies thereto.

On April 28, 2015, Plaintiff filed a notice of filing its certificate of good standing and attached a copy of Plaintiff's "Certification of Good Standing," dated April 23, 2015.

---

[2] Title 13 V.I.C. § 533(a) provides:

(a) No corporation may commence or maintain any action in any court if it has not paid its annual franchise tax last due. A certificate of the payment of such annual franchise tax, or any duplicate of such certificate under the seal of the Lieutenant Governor, shall be prima facie evidence of such payment. The Lieutenant Governor shall issue such certificate upon request. Notwithstanding the foregoing provisions, before a pending case may be dismissed, a corporation shall be given a reasonable time to provide proof that arrangements have been made to pay any delinquent franchise taxes once the matter is brought to the court's attention, as it is the purpose of this statute to collect the franchise tax and not simply to dismiss a case. If the proper proof is presented to the court that such arrangements to pay any delinquent franchise taxes have been made with the Lieutenant Governor's Office, a pending case shall be allowed to proceed without being dismissed.

Title 13 V.I.C. § 533(a)

*Worldwide Travel Staffing, LTD. v. Governor Juan*
*F. Luis Hospital and Medical Center, et al.*
SX-14-CV-009
Memorandum Opinion and Order
Page 5 of 13

2021 VI SUPER 9 7

On August 5, 2015, Plaintiff filed a notice of supplemental authority in support of its motion for summary judgment—to wit, the Virgin Islands Superior Court's ruling on July 14, 2015 in *Titan Medical Group, LLC and Titan Nurse Staffing, LLC v. Governor Juan F. Luis Hospital and Medical Center and Government of the Virgin Islands ex. Rel. Governor Juan F. Luis Hospital and Medical Center* (Case No. SX-13-CV-497). On August 18, 2015, Defendant JFL filed a motion for permission to file its response to Plaintiff's August 5, 2015 notice out of time and its response to Plaintiff's August 5, 2015 notice.

On February 2, 2016, Assistant Attorney General Shari D'Andrade, Esq. of the Virgin Islands Department of Justice filed a notice of substitution of counsel to replace Michelle T. Meade, Esq. as counsel for Defendant VIGHHFC.[3] The certificate of service for the February 2, 2016 notice only included Andrew Simpson, Esq., the counsel of record for Plaintiff.

On May 16, 2017, Assistant Attorney General Tana McPherson, Esq. of the Virgin Islands Department of Justice and Anthony R. Kiture, Esq. filed a stipulation for substitution of counsel for Tana McPherson, Esq. to replace Anthony R. Kiture, Esq. as counsel for Defendant JFL. On May 25, 2017, the Court entered an order whereby the Court granted Tana McPherson, Esq. and Anthony R. Kiture, Esq.'s stipulation for substitution of counsel.

The parties have not taken any further actions since the Court entered the May 25, 2017 order.

---

[3] The record does not reflect that Michelle T. Meade, Esq. of Law Office of Michelle T. Meade ever filed a notice of appearance for Defendant VIGHHFC. However, Defendant JFL included Michelle T. Meade, Esq. as counsel for Defendant VIGHHFC in the certificate of service for its documents; Plaintiff did not include Michelle T. Meade, Esq. as counsel for Defendant VIGHHFC in the certificate of service for its documents.

*Worldwide Travel Staffing, LTD. v. Governor Juan*
*F. Luis Hospital and Medical Center, et al.*
SX-14-CV-009
Memorandum Opinion and Order
Page 6 of 13

2021 VI SUPER 97

## DISCUSSION

In reviewing the file, it has come to the Court's attention that there are several housekeeping matters that must be addressed. They will be discussed in turn.

### 1. Defendant JFL

In *Juan F. Luis Hosp. & Med. Ctr., & Gov't of the V.I. ex rel. Governor Juan F. Luis Hosp. & Med. Ctr. v. Titan Med. Grp., LLC,*[4] the Virgin Islands Supreme Court held that "[Governor Juan F. Luis Hospital] is not a separate entity subject to suit and must be dismissed from this case." 69 V.I. 873, 886 (V.I. 2018). The Virgin Islands Supreme Court explained that "[t]he Legislature, by largely referring to JFL Hospital as a mere 'facility' and declining to recognize it — as opposed to the VIHHFC — as a 'public corporation' with authority to 'sue and be sued,' did not evidence an intent to subject JFL Hospital to suit." *Id.,* 69 V.I. at 885. Thus, the Virgin Islands Supreme Court concluded that "[b]ecause JFL Hospital is not a separate legal entity empowered to sue and be sued, the Superior Court erred by entering its July 14, 2015 judgment order awarding summary judgment against it" and "[t]herefore, we vacate in part the Superior Court's July 14, 2015 judgment order and remand for further proceedings with directions that the Superior Court dismiss [Governor Juan F. Luis Hospital] from this case." *Id.,* 69 V.I. at 886. As such, consistent with the Virgin Islands Supreme Court's holding in *Juan F. Luis Hosp. & Med. Ctr., & Gov't of the V.I. ex rel. Governor Juan F. Luis Hosp. & Med. Ctr.,* the Court will vacate the default entered against Defendant JFL on August 20, 2014, dismiss the case against Defendant JFL, deny as moot

---

[4] This was the opinion the Virgin Islands Supreme Court entered in the appeal filed as to the ruling Plaintiff cited in its August 5, 2015 notice of supplemental authority in support of its motion for summary judgment, *Titan Medical Group, LLC and Titan Nurse Staffing, LLC v. Governor Juan F. Luis Hospital and Medical Center and Government of the Virgin Islands ex. Rel. Governor Juan F. Luis Hospital and Medical Center* (Case No. SX-13-CV-497).

*Worldwide Travel Staffing, LTD. v. Governor Juan*
*F. Luis Hospital and Medical Center, et al.*
SX-14-CV-009
**Memorandum Opinion and Order**
Page 7 of 13

2021 VI SUPER 97

Plaintiff's motion for summary judgment in its favor and against Defendant JFL, filed on January 23, 2014, deny as moot Defendant JFL's motion to set aside entry of default, filed on March 10, 2015, deny as moot Defendant JFL's motion to stay proceedings, filed on March 10, 2015, and deny as moot Defendant JFL's motion for permission to file its response to Plaintiff's August 5, 2015 notice out of time, filed on August 18, 2015. Additionally, the Court will also order Plaintiff to file a first amended complaint with Plaintiff's claims against Defendant JFL removed from therein and Defendant JFL removed from the caption.

## 2. Entry of Default as to Defendant VIGHHFC

It is questionable whether the default entered against Defendant VIGHHFC on August 20, 2014 was proper.

First, Rule 4 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 4") provides that "[t]o serve a public corporation…, a party must (i) serve the Government of the Virgin Islands as provided in Rule 4(i)(1), and (ii) also serve a copy of the summons and complaint on the chief executive officer of the entity, and (iii) also serve a copy of the summons and complaint on any officer or employee named in the action" and that "[t]o serve a public corporation that can be sued pursuant to 5 V.I.C. § 1142(b), a party must serve the designated registered agent, the chief executive officer, or any other person authorized by law to accept service of process, unless otherwise provided by law." V.I. R. CIV. P. 4(i)(2)(A)-(B). Here, Defendant VIGHHFC is a public corporation. *See* Title 19 V.I.C. § 243(a) ("There is hereby created the Virgin Islands Government Hospitals and Health Facilities Corporation. The corporation is a body corporate and politic constituting a public benefit corporation of the Government of the Virgin Islands."); *see also, Juan F. Luis Hosp. & Med. Ctr., & Gov't of the V.I. ex rel. Governor Juan F. Luis Hosp. & Med. Ctr.,*

*Worldwide Travel Staffing, LTD. v. Governor Juan*
*F. Luis Hospital and Medical Center, et al.*
SX-14-CV-009
Memorandum Opinion and Order
Page 8 of 13

2021 VI SUPER 97

69 V.I. at 885 (stating that the VIHHFC is "a 'public corporation' with authority to 'sue and be sued'"). According to the documents attached to Plaintiff's February 7, 2014 notice and May 19, 2014 request for entry of default, Defendant VIGHHFC was served on January 28, 2014 via "Derielle A. May, Exec. Asst. to the President" by process server "Michael A. Richardson" and/or process server "Marlon A. Richardson." However, the "executive assistant to the president of a corporation" is not a person authorized under Rule 4(i)(2)(B) to accept service of process for a public corporation, and Plaintiff failed to provide any evidence that Derielle A. May is the designated registered agent of Defendant VIGHHFC or that she is a person authorized by law to accept service of process for Defendant VIGHHFC. Furthermore, Plaintiff also failed to provide any evidence that the Government of the Virgin Islands was served as provided in Rule 4(i)(1) and that the chief executive officer of Defendant VIGHHFC was served as required under Rule 4(i)(2)(A).[5] Thus, there is no indication of when, if ever, Defendant VIGHHFC was properly served in this matter. It is entirely feasible that Defendant VIGHHFC was not properly served yet when the default was entered against Defendant VIGHHFC on August 20, 2014, in which case, the default entered against Defendant VIGHHFC was improper.[6] *See* V.I. R. Civ. P. 12(a)(1)(A)

---

[5] Neither the copy of the summons addressed to Defendant VIGHHFC with the return of service indicating that Defendant VIGHHFC was served on January 28, 2014 via "Derielle A. May, Exec. Asst. to the President" by process server "Michael A. Richardson" or the copy of an affidavit of process server "Marlon A. Richardson" stating that Defendant VIGHHFC was served on January 28, 2014 via "Derielle A. May, Exec. Asst. to the President" by him, indicated that Derielle A. May accepted service on behalf of the president of Defendant VIGHHFC; instead, they showed that Derielle A. May accepted service as the executive assistant to the president of Defendant VIGHHFC.

[6] "In general, actual notice of a lawsuit is not a substitute for proper service and absent proper service, a case must be dismissed for lack of personal jurisdiction over the defendant." *McKenzie v. Hess Oil V.I. Corp.*, 70 V.I. 210, 215 (V.I. Super. Ct. March 6, 2019) (quoting *Ross v. Hodge*, 58 V.I. 292, 310 (V.I. 2013). However, here, regardless of whether Defendant VIGHHFC was served properly, the Court has personal jurisdiction over Defendant VIGHHFC because of its voluntary appearance through either Michelle T. Meade, Esq., who allegedly appeared in this matter as counsel for Defendant VIGHHFC, and/or Shari D'Andrade, Esq., who subsequently substituted in and appeared as counsel for Defendant VIGHHFC when she filed the February 2, 2016 notice of substitution of counsel. *See* Title 5 V.I.C. § 115 ("A voluntary appearance of the defendant shall be equivalent to personal service of the summons upon him.").

*Worldwide Travel Staffing, LTD. v. Governor Juan F. Luis Hospital and Medical Center, et al.*
SX-14-CV-009
Memorandum Opinion and Order
Page 9 of 13

2021 VI SUPER 97

("A **defendant served with the summons and complaint** within the Virgin Islands must serve a responsive pleading within 21 days after being served.") (emphasis added).

Second, Title 13 V.I.C. § 533(a) provides that "[n]o corporation may commence or maintain any action in any court if it has not paid its annual franchise tax last due." Title 13 V.I.C. § 533(a). The record indicated that: (i) Plaintiff is a New York corporation doing business in the U.S. Virgin Islands. (Defendant JFL's March 10, 2015 Motion to Stay Proceedings, Exhibit 1-Affidavit of Denise Johannes, the Director of the Division of Corporation and Trademarks of the Office of the Lieutenant Governor, dated February 11, 2015.); (ii) Plaintiff failed to pay its annual franchise tax from 2006 though 2014. (Id.); (iii) Title 13 V.I.C. § 533(a) prohibited Plaintiff from commencing and maintaining this lawsuit until Plaintiff paid off all of its delinquent franchise taxes. *See* Title 13 V.I.C. § 533(a); and (iv) On April 1, 2015, Plaintiff paid off all of its delinquent franchise taxes. (Plaintiff's April 1, 2015 Opp., p. 1.) While the Court did not need to dismiss this case pursuant to Title 13 V.I.C. § 533(a) when the matter of delinquent franchise taxes was brought to the Court's attention,[7] at this juncture, the Court will not simply ignore the fact that Title 13 V.I.C. § 533(a) prohibited Plaintiff from commencing and maintaining this lawsuit until April 1, 2015, when Plaintiff paid off all of its delinquent franchise taxes. Thus, this matter should have been stayed until April 1, 2015, in which case, the default entered against Defendant VIGHHFC on August 20, 2014 was improper.[8]

---

[7] *See supra*, footnote 2.

[8] The Court finds that it is not legally and procedurally sound to simply ignore Title 13 V.I.C. § 533(a) and allow Plaintiff to commence and maintain this lawsuit when Plaintiff owed outstanding franchise taxes. It would be setting a bad precedent that may be viewed as an invitation for litigants to circumvent and/or disregard Title 13 V.I.C. § 533(a).

*Worldwide Travel Staffing, LTD. v. Governor Juan*
*F. Luis Hospital and Medical Center, et al.*
SX-14-CV-009
**Memorandum Opinion and Order**
Page 10 of 13

2021 VI SUPER 97

Based on the reasons stated above, the Court finds that the default entered against Defendant VIGHHFC on August 20, 2014 was improper. Furthermore, the Court finds that Plaintiff will not be prejudiced by the Court's finding since Plaintiff has not taken any actions to move the case forward as to Defendant VIGHHFC since the entry of default. As such, the Court finds good cause to set aside the default entered against Defendant VIGHHFC on August 20, 2014 and let this case proceed to a decision on the merits. *See* V.I. R. Civ. P. 50(c) ("The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."); *see also, Tate v. The Jaber Co.*, 72 V.I. 11, 17 (V.I. Super. Ct. June 18, 2019) ("'Good cause' is a determination left within the sound discretion of the Court.") (citations omitted); *see also, Estate of Skepple v. Bank of Nova Scotia*, 69 V.I. 700, 722 (V.I. 2018) ("Default judgments are disfavored, and a doubtful case should be resolved in favor of vacating the default and proceeding to a decision on the merits."); *see also, Bazzar v. Salem*, 2015 V.I. LEXIS 125, at *3-4 (Super. Ct. Oct. 8, 2015) ("When default judgment has not yet been entered after an entry of default, however, an even more liberal standard [is] employed when reviewing a Motion to set aside default because it is more appropriate to address an action on its merits whenever possible.") (internal quotations omitted). Accordingly, the Court will vacate the default entered against Defendant VIGHHFC on August 20, 2014 and order Defendant VIGHHFC to file a response to Plaintiff's first amended complaint once it has been accepted by the Court and deemed filed.

### 3. Shari D'Andrade, Esq.'s Notice of Substitution of Counsel, Filed on February 2, 2016

The notice of substitution of counsel filed by Shari D'Andrade, Esq. on February 2, 2016 was only signed by Shari D'Andrade, Esq.; it was not a joint notice or a joint stipulation for

*Worldwide Travel Staffing, LTD. v. Governor Juan*
*F. Luis Hospital and Medical Center, et al.*
SX-14-CV-009
Memorandum Opinion and Order
Page 11 of 13

2021 VI SUPER 97

substitution of counsel of Shari D'Andrade, Esq. and Michelle T. Meade, Esq. for Shari D'Andrade, Esq. to replace Michelle T. Meade, Esq. as counsel for Defendant VIGHHFC. As noted above, the record does not reflect that Michelle T. Meade, Esq. ever filed a notice of appearance for Defendant VIGHHFC. Thus, it is unclear whether Michelle T. Meade, Esq. was ever the counsel of record for Defendant VIGHHFC, and if she was, whether she was even aware of Shari D'Andrade, Esq.'s notice of substitution of counsel since the certificate of service thereto only included Andrew Simpson, Esq., the counsel of record for Plaintiff. At this time, the Court finds that there is no evidence to support that Michelle T. Meade, Esq. ever appeared for Defendant VIGHHFC in this matter, and thereby, the Court will deem Shari D'Andrade, Esq.'s notice of substitution of counsel, filed on February 2, 2016, as Shari D'Andrade, Esq.'s notice of appearance for Defendant VIGHHFC in this matter.

### 4. Moving Case Forward

This matter has sat idle for more than four years. The Court reminds Plaintiff that it has the burden to move this case forward if it seeks to preserve its claims.

### CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that the default entered against Defendant JFL on August 20, 2014 shall be and is hereby **VACATED**. It is further:

**ORDERED** that the case against Defendant JFL is **DISMISSED WITH PREJUDICE.** It is further:

**ORDERED** that Plaintiff's motion for summary judgment in its favor and against Defendant JFL, filed on January 23, 2014, is **DENIED AS MOOT**. It is further:

*Worldwide Travel Staffing, LTD. v. Governor Juan*
*F. Luis Hospital and Medical Center, et al.*
SX-14-CV-009
Memorandum Opinion and Order
Page 12 of 13

2021 VI SUPER 97

**ORDERED** that Defendant JFL's motion to set aside entry of default, filed on March 10, 2015, is **DENIED AS MOOT**. It is further:

**ORDERED** that Defendant JFL's motion to stay proceedings, filed on March 10, 2015, is **DENIED AS MOOT**. It is further:

**ORDERED** that Defendant JFL's motion for permission to file its response to Plaintiff's August 5, 2015 notice out of time, filed on August 18, 2015, is **DENIED AS MOOT**. It is further:

**ORDERED** that, **within fifteen (15) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff shall file a proposed first amended complaint with Plaintiff's claims against Defendant JFL removed from therein and Defendant JFL removed from the caption, and no other amendment is permitted without leave of the Court. The proposed first amended complaint shall be drafted **IN COMPLIANCE** with the Virgin Islands Rules of Civil Procedure—including, but not limited to, setting forth counts in separate numbered paragraphs with separate designation of the specific names of each count in the pleadings as required under Rule 8 of the Virgin Islands Rules of Civil Procedure. It is further:

**ORDERED** that Plaintiff shall file (i) a redline copy of the new proposed first amended complaint reflecting the changes made to the initial complaint and (ii) a clean copy of the new proposed first amended complaint, in compliant with Rule 15-1 of Virgin Islands Rules of Civil Procedure, which requires "[a] party moving to amend a pleading...[to] attach a complete—and properly signed—copy of the proposed amended pleading to the motion papers" and "must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleading by reference." It is further:

*Worldwide Travel Staffing, LTD. v. Governor Juan*
*F. Luis Hospital and Medical Center, et al*
SX-14-CV-009
**Memorandum Opinion and Order**
Page 13 of 13

2021 VI SUPER 97

**ORDERED** that Plaintiff is notified that failure to comply with this order may result in the dismissal of this case without prejudice. It is further:

**ORDERED** that the default entered against Defendant VIGHHFC on August 20, 2014 shall be and is hereby **VACATED**. And it is further:

**ORDERED** that Shari D'Andrade, Esq.'s notice of substitution of counsel, filed on February 2, 2016, is **DEEMED** Shari D'Andrade, Esq.'s notice of appearance for Defendant VIGHHFC in this matter. All future pleadings, correspondences, and other papers filed in this action shall be served on Shari D'Andrade, Esq. as the counsel of record for Defendant VIGHHFC.

**DONE and so ORDERED this** 4th **day of** October, **2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
    Court Clerk Supervisor

Dated: Oct 6, 2021

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**